UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 06-102-12 (JDB) |
| ) | |
| KEVIN NIXON ) | |
| ) | |

## MOTION IN LIMINE TO PRECLUDE USE OF 404(b) EVIDENCE

COMES NOW Defendant Kevin Nixon, by counsel, and respectfully moves this Court for entry of an Order precluding the government from introducing the "other crimes" evidence set forth in the "Government's Notice of Intention To Introduce Evidence Pursuant to Fed. R. Evid. 404(B)." (Document #199) The evidence pertaining directly to Mr. Nixon relates to the alleged hostage taking of Kazim Rahim on or about May 4, 2005.

Despite the fundamental axiom of our jurisprudence that "a defendant must be tried for what he did, not who he is," *United States v. Foskey*, 636 F. 2d 517, 523 (D.C. Cir. 517, 523 (D.C. Cir. 1980), *quoting United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir. 1977), the government seeks to engage in a tactic to portray Mr. Nixon in as malignant a light as possible. In so doing, the government is seeking to stray well beyond that logically necessary for the jury to decide the issue before it.

While Fed. R. Evid. 404(b) provides that evidence extrinsic to the charged offense may be admitted for specific identified purposes, such as when probative of intent or knowledge, the well-known general rule is that "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

conformity therewith." Rule 404(b) is admittedly viewed by this circuit as one of inclusion. *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). That said, however, evidence may not be admitted for the *sole* purpose of having the jury draw negative character inferences because of prior acts of the defendant. *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994). And, although the rule is one of inclusion in the sense of allowing admission of relevant extrinsic evidence even if the evidence simultaneously reflects poorly on the defendant's character, the evidence must nonetheless be probative of a *material* issue. *Id*.[1]

Finally, even if the Court makes the threshold finding that the extrinsic evidence is sufficiently probative of a material issue, it must still balance the probative value of such evidence against its potential for prejudice or confusion of the issues under Rule 403. Normally, the 403 balancing should be conducted on-the-record with the Court analyzing both the degree of relevance and potential for prejudice or confusion. *United States v. Washington*, 12 F.3d 1128 (D.C. 1994).

Ultimately the issue the jury is going to be called upon to decide is whether Mr. Nixon's intended to join a conspiracy to kidnap Balram Maharaj for the purpose of taking Maharaj hostage for ransom. The proposed evidence is sufficient to permit the jury to draw whatever inferences it thinks appropriate concerning Mr. Nixon's state of mind and intent. Mr. Nixon objects to the admission of this extraneous and prejudicial evidence at his trial. Alternatively, he requests that the Court perform an explicit on-

---

[1] There must also be a sufficient nexus of the extrinsic evidence to the defendant. *Huddleston v. United States*, 485 U.S. 681 (1988). The nexus requirement is an aspect of probativeness, as evidence not sufficiently connected to the defendant will have little probative value in determining his guilt or innocence.

the-record balancing test under Rule 403 prior to the admission of this evidence.

>Respectfully submitted,
>
>KEVIN NIXON
>By Counsel
>
>
>_____/s/_____
>Pleasant S. Brodnax, III
>1701 Pennsylvania Avenue, NW
>Suite 300
>Washington, D.C., 20006
>(202) 462-1100
>valawyer@erols.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

>_____/s/_____
>Pleasant S. Brodnax, III