UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>KEVIN NIXON        )<br>) | Case No. 06-102-12 (JDB) |

**MOTION TO ADOPT AND JOIN CERTAIN MOTIONS
AND ADDITIONAL REQUESTS FOR LETTERS ROGATORY**

COMES NOW Defendant Kevin Nixon, by counsel, and respectfully requests this Court permit him to adopt and conform certain motions filed by his co-defendants in this case as if filed by him. Counsel has reviewed arguments made in the following motions and adopts them as applicable to Mr. Nixon:

1. Motion and Points and Authorities in Support of Motion For Issuance of Letters Rogatory (Document #211);

2. Motion to Conduct Depositions of Unavailable Witnesses[1], (Document #205);

3. Motion In Limine to Preclude Hearsay from Coconspirators, (Document #196);

4. Motion to Dismiss Indictment, (Document #190);

5. First Motion to Compel Discovery, (Document #204); and

6. Second Motion to Compel Discovery, (Document #207).

Further Requests for Issuance of Letters Rogatory

In his Motion for Issuance of Letters Rogatory and accompanying Request for International Assistance, Mr. Straker requests the government of Trinidad/Tobago to provide certain documents to be used in the trial of this matter. In a similar regard, Mr.

---

[1] Pursuant to Fed.R.Crim.Pro.15, Mr. Nixon will file a list of prospective witnesses to be deposed in order to preserve their testimony for trial. The list will be filed in an ex parte, sealed motion.

Nixon requests assistance with obtaining the following additional documents relating to the government's allegations in its Notice of Intention to Introduce Evidence Pursuant to Fed.R.Evid. 404(b), (Document #199):

(A)  Reports reflecting the nature, location, source and/or identity of evidence obtained from any location, entity, or individual gathered by any person or agency of the government of Trinidad/Tobago, in relation to the alleged kidnapping of Kazim Rahim;

(B)  Copies of the seal or other proof of authority of the person, agency or entity in control of the documents requested herein;

(C)  Copies of photographs taken by any person or agency of the government of Trinidad/Tobago at any scene related to the alleged kidnapping of Kazim Rahim;

(D)  Photographs used in any identification procedure involving Kevin Nixon that were employed by any person or agency of the government of Trinidad/Tobago related to the alleged kidnapping of Kazim Rahim;

(E)  Records of any physical evidence collected concerning the alleged kidnapping of Kazim Rahim;

(F)  Any written statements provided to any individual or agency of the government of Trinidad/Tobago concerning the alleged kidnapping of Kazim Rahim;

(G)  Any written memoranda reflecting statements made to any agent of the government of Trinidad/Tobago related to the events surrounding the alleged kidnapping of Kazim Rahim;

(H)  Any materials which were disseminated by, at the behest of, or on behalf of the government of Trinidad/Tobago which offered a reward for information about the alleged kidnapping of Kazim Rahim;

(I)  Any warrants or other legal process which issued by any authority of the government of Trinidad/Tobago for the arrest of any person in connection with the alleged kidnapping of Kazim Rahim;

(J)  Any videotape or audiotape of any witness interviewed by any person or agency of the government of Trinidad/Tobago regarding the alleged kidnapping of Kazim Rahim;

(K)  Any reports of identification procedures employed by any person or agency of the government of Trinidad/Tobago with the alleged victim or any witness to the alleged kidnapping of Kazim Rahim, including the results of such procedures, including a specific

request that the alleged victim failed to identify Mr. Nixon as an assailant, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and

(L)   All records, reports, notes, and/or communications that were prepared by or are maintained by any individual, institution, or agent of Trinidad/Tobago that pertain to the mental health and/or mental competence of Kazim Rahim.

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, Mr. Nixon moves this Honorable Court grant relief consistent with his instant motion.

Respectfully submitted,

KEVIN NIXON
By Counsel

_____/s/_____
Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 300
Washington, D.C., 20006
(202) 462-1100
valawyer@erols.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

_____/s/_____
Pleasant S. Brodnax, III