IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § | |
| - vs - § | CRIMINAL No.  06-102-12(JDB) |
| § § | |
| **KEVIN NIXON,** *et al.* § § | |
| Defendants. § § | |

**GOVERNMENT'S PARTIAL RESPONSE TO DEFENDANT KEVIN NIXON'S
MOTION TO ADOPT CERTAIN MOTIONS AND
ADDITIONAL LETTERS ROGATORY**

The United States of America ("United States" or "Government") responds in part to the motion of defendant Kevin Nixon, his Motion to Adopt and Join Certain Motions and Additional Requests for Letters Rogatory (Document #218) filed July 7, 2008.  The defense motion adopts six motions, three of which the Government will offer responses to in this response, reserving the right to respond to the other motions at the later time at which those responses are due.

With respect to two of those three motions, Mr. Nixon adopts the motions filed by his codefendants.  Those motions include:  Motion to Conduct Depositions of Unavailable Witnesses (Document #205);  and Second Motion to Compel Discovery (Document #207).  With respect to the Motion to Conduct Depositions of Unavailable Witnesses, the government respectfully requests that the Court permit it to adopt as a response its previously filed Government's Opposition to Defendant Straker's and Defendant Pierre's Motions to Conduct Depositions of Unavailable Witnesses (Document #216).  With respect to defendant Nixon's adoption of defendant Straker's First Motion to Compel Discovery and Second Motion to

Compel Discovery, the government respectfully requests that the Court permit it to adopt as responses its previously filed Government's Opposition to Defendant Straker's Second Motion to Compel Discovery (Document #215).

With respect to defendant Nixon's adoption of defendant Straker's Motion and Points and Authorities in Support of Motion For Issuance of Letters Rogatory, the Government respectfully requests to adopt its Government's Response to Defendant Anderson Straker's Motion for Issuance of Letters Rogatory (Document #214), and seeks to supplement that Response with the responses to the following particular points raised pertinent to evidence concerning the kidnaping of Kazim Rahim, a crime about which the government has given notice under Fed. R. Evid. 404(b). The government's responses below correspond to the lettered paragraphs beginning on page two of Mr. Nixon's motion:

(A) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in Trinidad & Tobago ("TT");

(B) No objection;

(C) No objection;

(D) No objection;

(E) No objection;

(F) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(G) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(H) No objection;

(I) Objection. Beyond the scope of Rule 16 discovery. However, if (1) the Request was limited to defendants Straker, Pierre, Nixon, and Sealey, and (2) the phrase "or other legal process" (appearing in the first line of the Request) was removed,

    then the Government would withdraw its objection;

(J)  Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(K)  Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT. However, if the Request was limited (1) to defendants Straker, Pierre, Nixon, and Sealey, (2) positive identifications and/or positive exclusions (rather than <u>all</u> identification procedures)[1], and (3) the identities and identifying information of/from the witnesses is redacted, then the Government would withdraw its objection. Alternatively, under (3), above, if the identities and identifying information was sent directly to Judge Bates for further disclosure if, as, and when, appropriate, the Government would similarly its objection. The Government notes it does not object to the <u>Brady</u> demand with respect to the victim's efforts to identify defendant;

---

[1] As drafted, the Request would implicate all identification procedures, irrespective of whether the witness was able to positively identify, positively exclude, or was uncertain, as to the persons in the identification procedure. This is well-beyond that to which a criminal defendant would be entitled in the prosecution of a purely domestic crime. Moreover, as drafted, the Request would provide to defendant's attorneys the names, addresses, and other identifying information of any person who was asked to participate in an identification procedure. This is also well beyond that to which a defendant is entitled in the prosecution of a crime occurring entirely within the borders of the United States. Ordinarily, a defendant would not learn the identities of a person who made a positive identification until the time of trial; the identity of a person affirmatively excluding the defendant would be produced early in the process as *Brady* information; unless a particular witness was to testify at trial, a defendant might never learn of the identity of a person who viewed a photo-array and stated that the perpetrator looked "something like" the defendant, or the witness "could not be sure," because the witness only got a fleeting glimpse in the dark of the perpetrator, or other similar scenarios.

(L)   Objection to request as stated.  If Mr. Nixon were to modify his request to require the materials to be sent directly to Judge Bates, rather than to Mr. Nixon's counsel, the Government would withdraw its objection.

    Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
United States Attorney

By:    /S/
_____

JEANNE M. HAUCH (D.C. 426585)
Assistant United States Attorney
National Security Section
555 Fourth Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 514-5776
Jeanne.M.Hauch@usdoj.gov

BRUCE R. HEGYI (D.C. Bar No. 422741)
Assistant United States Attorney
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4848
Washington, D.C.  20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon the following counsel, electronically, on this 8th day of July, 2008:

Edward C. Sussman
601 Pennsylvania Avenue, NW
Suite 900 - South Building
Washington, DC 20004
*Counsel for Anderson Straker*

John J. Carney
Carney & Carney
601 Pennsylvania Avenue, NW
Suite 900 - South Building
Washington, DC 20004
*Counsel for Wayne Pierre*

Christopher M. Davis
Davis & Davis
The Lincoln Building
514 10th Street, NW
9th Floor
Washington, DC 20004
*Counsel for Jason Percival*

Pleasant S. Brodnax, III
The Mills Building, Suite 400
1700 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for Kevin Nixon*

Patrick M. Donahue
Donahue Law Firm
18 West Street
Annapolis, MD 21401
*Counsel f or Christopher Sealey*

Allen H. Orenburg
The Orenburg Law Firm, PC
11200 Rockville Pike, Suite 300
North Bethesda, MD 20852
*Counsel for Russel Joseph*

Thomas Abbenante
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
*Counsel for Winston Gittens*

Diane S. Leaply
400 Seventh Street, NW
Suite 400
Washington, DC 20004

/s/

JEANNE M. HAUCH