UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZION CLARKE,<br>RICARDO DEFOUR,<br>LEON NURSE,<br>KEVON DEMERIEUX,<br>ANDERSON STRAKER,<br>WAYNE PIERRE,<br>CHRISTOPHER SEALEY, and<br>KEVIN NIXON,<br><br>         **Defendant.** | Criminal Action No. 06-102 (JDB) |

**ORDER**

At the status hearing held on September 3, 2008, the Court set a trial date of May 26, 2009, based on a finding that the ends of justice outweigh the best interests of the public and the defendants in a trial before then, a finding made pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8). This finding applies to the first group of defendants extradited from the Republic of Trinidad and Tobago ("Trinidad") on July 30, 2007 -- Straker, Pierre, Sealey, and Nixon -- as well as the second group of defendants who were extradited on August 5, 2008 -- Clarke, DeFour, Nurse, and Demerieux. This Order sets forth the basis for that finding.

Based on the representations of counsel and the entire record in this case, the Court has determined that this case is unusually complex due to the number of defendants and the nature of the prosecution. The indictment charges twelve defendants with a conspiracy to commit hostage taking resulting in death in violation of 18 U.S.C. § 1203, and aiding and abetting hostage taking

resulting in death. The eight above-named defendants currently intend to go to trial.[1] The charges arise from the abduction and death of a U.S. citizen, Balram Maharaj, in Trinidad in April 2005. A substantial portion of the documents and witnesses are located in Trinidad and, indeed, counsel and investigators for each of the defendants in the first group have made at least one trip to Trinidad to conduct investigation. A letter rogatory requesting dozens of categories of documents from Trinidad was executed only a month ago by counsel for defendant Straker. The Court anticipates that counsel for Clarke, DeFour, Nurse, and Demerieux will engage in preparation of substantial pretrial motions based on their representations in Court and the Court's experience with the other defendants. The first group of defendants -- Straker, Pierre, Nixon, and Sealey -- filed substantial motions over the course of a five-month period spanning April to August 2008, and even now are finding it necessary to file supplemental briefs. See Scheduling Order (filed Sept. 3, 2008).

The Court observes that the Speedy Trial Act concerns are more significant for Straker, Pierre, Sealey, and Nixon because they were extradited a year before the second group of defendants and anticipated a trial date of December 8, 2008. However, the Speedy Trial Act authorizes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Here, the joinder for trial of Straker, Pierre, Sealey, and Nixon with the newly extradited defendants would entail a delay of just over five months. The Court finds this delay to be reasonable considering that they still have substantial trial preparation to conduct --

---

[1] The superseding indictment filed on September 20, 2006 charges 11 of the 12 defendants, excluding Russel Jerry Joseph. Defendant Joseph pled to an earlier version of the indictment on July 26, 2006. Two other defendants also have entered pleas of guilty, and one defendant, David Suchit, was tried and acquitted in 2007.

and this is putting aside the trial preparation time necessary for the recently extradited defendants. In particular, substantial motions filed by the first group are awaiting supplemental briefing and remain to be resolved, an evidentiary hearing will be necessary, Rule 15 depositions in Trinidad remain to be scheduled, and follow-up actions on the above-referenced letter rogatory will likely be necessary. Defense counsel also have stated their intent to submit a motion for jury questionnaire along with a proposed questionnaire.

The Court recognizes that defendant Straker, pro se, objected to the continuance of the December trial date and vigorously asserts his rights under the Speedy Trial Act. However, for the reasons stated above, the Court concludes that Straker's objections do not warrant going forward with a December trial date. The Court also observes, based on the trial of David Suchit last year (the first defendant extradited and tried) and the allegations in the indictment, that Straker's role in the conspiracy is allegedly a major one -- indeed, by some accounts, he was the leader of the conspiracy. Because of the nature of the allegations against him, the time necessary for adequate trial preparation in his particular case is likely to be significantly more than for other defendants.

Based on the foregoing, the Court finds that this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by section 3161, and that the ends of justice outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(B)(ii). Furthermore, the five-month delay occasioned by the joinder of all eight defendants in a single trial is reasonable under the circumstances. Id. § 3161(h)(7). The Court has entered a detailed scheduling order, including a series of status hearings and motions hearings, to ensure that this case moves along expeditiously. See Scheduling Order (filed Sept. 3, 2008).

Accordingly, it is hereby

**ORDERED** that the time from September 3, 2008, through and including the scheduled trial date of May 26, 2008, shall be excluded in computing the date for speedy trial in this case.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Date: September 3, 2008